UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILED
2018 FEB 21  PM 12: 16
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES OF AMERICA

v.          Case No. 2:18-cr-19-FtM-38CM

JANE DOE          **<u>Under Seal</u>**

**<u>NOTICE OF DISCOVERY</u>**

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and pursuant to the Criminal Scheduling Order, hereby gives notice to the Court that it has provided the attached discovery to defense counsel on February 21, 2018.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Jeffrey F. Michelland
Assistant United States Attorney
USA No. 024
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
Telephone: (239) 461-2200
Facsimile: (239) 461-2219
E-mail: Jeffrey.Michelland@usdoj.gov

By: _____
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division
Florida Bar No. 0152110
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
Telephone: (239) 461-2200
Facsimile: (239) 461-2219
E-mail: Jesus.M.Casas@usdoj.gov

S17

U.S. v. Jane Doe                    Case No. 2:18-cr-19-FtM-38CM

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2018, I served a copy of the foregoing Discovery, in person to counsel for the defendant, Russell K. Rosenthal, Assistant Federal Defender, 1540 Broadway, Fort Myers, Florida.

Jeffrey F. Michelland
Assistant United States Attorney



| | | |
|---|---|---|
| 2110 First Street, Suite 3-137<br>Fort Myers, Florida 33901<br>239/461-2200<br>239/461-2219 (Fax) | **U.S. Department of Justice**<br>*United States Attorney*<br>*Middle District of Florida* | 300 N. Hogan Street, Suite 700<br>Jacksonville, Florida 32202<br>904/301-6300<br>904/301-6310 (Fax) |
| 35 SE 1st Avenue, Suite 300<br>Ocala, Florida 34471<br>352/547-3600<br>352/547-3623 (Fax) | Main Office<br>400 North Tampa Street, Suite 3200<br>Tampa, Florida 33602<br>813/274-6000<br>813/274-6358 (Fax) | 400 West Washington Street, Suite 3100<br>Orlando, Florida 32801<br>407/648-7500<br>407/648-7643 (Fax) |

Reply to: Fort Myers, FL                                                                                                                         JFM

February 21, 2018

Russell K. Rosenthal, Esq.
Assistant Federal Defender
1514 Broadway, Suite 301
Fort Myers, FL  33901

    Re:   *United States v. Jane Doe*
           Case No. 2:18-cr-19-FtM-38CM

Dear Mr. Rosenthal:

       In response to the Criminal Scheduling Order, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the discovery material is provided to you through the Office of the United States Attorney's Office, Fort Myers, Florida. You will be required to sign a receipt for the materials provided, which includes CDs labeled "Discovery One" through "Discovery Nine." The nine CD's are described as follows:

1. Meeting #1 PGPD 10-18-17 Interview
2. Meeting #2 Interview of Sheppard @ 421 Fitzhugh 10-19-17
3. Meeting #3 Audio of Retrieval of Computer 10-20-17
4. Meeting #4 Meeting with AS to Return Computer 10-24-17
5. Audio AS Arrest 2-5-18
6. Audio AS Arrest 2-5-18 (alternate)
7. Audio/Video AS Arrest 2-5-18
8. 175 Documents
9. Discovery 1A's – 80 Documents

Russell K. Rosenthal
February 21, 2018
Page | 2

      Additional materials and/or scientific results will come into the possession and control of the United States which are discoverable under Rule 16 and the local standing Criminal Scheduling Order. We recognize our continuing duty to disclose and will notify you promptly if such an event occurs. This response is numbered to correspond to the Criminal Scheduling Order.

    I.    B.    Oral statements made by the defendant in response to interrogation by a person then known to him as a government agent and the substance of which the government intends to use at trial. See Discovery Materials.

        C.    Written or recorded statements of the defendant. See Discovery Materials.

        D.    Prior criminal record. To be provided.

        E.    Documents and Tangible Objects. See Discovery Materials. Items available for your inspection. Additional materials to be provided upon receipt.

        F.    Reports of examinations and tests. To be provided upon receipt.

        G.    Expert Witness. To be provided.

        H.    Electronic Surveillance. No Title III surveillance. Consensual monitoring was used in the investigation.

        I.    Rule 404(b) evidence. To be provided.

        J.    Confidential informant(s). A confidential informant(s) was utilized during the course of the investigation.

        K.    Conflict of interest. The government is not aware of any potential conflict of interest in the representation of the defendant by counsel.

        L.    Photo identification. None.

        M.    Evidence was seized by search warrant. You have previously been provided with the residence and Facebook search warrants, applications and affidavits.

        Q.    The government hereby requests, to the extent required by Fed. R. Crim. P. 16(b)(1)(A), to inspect and copy or photograph books, papers, documents,

photographs, and tangible objects which are within the possession, custody or control of the defendant, and which the defendant intends to introduce as evidence in chief at trial. Please inform the government of the existence of any such items.

R. The government hereby requests, to the extent required by Fed. R. Crim. P. 16(b)(1)(B), to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, which are within the possession, custody or control of the defendant, and which the defendant intends to introduce as evidence in chief at trial, or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to the witness' testimony. Please inform the government of the existence of any such items.

S. Reciprocal Discovery of Expert Witnesses. Since this Pretrial Discovery Order requires the government to disclose a summary of any expert witness testimony without a request for such disclosure by the defendant under Fed. R. Evid. R. 16(a)(1)(E), a circumstance required by Rule 16(b)(1)(C)(I), the government construes this to mean that a request from the defendant for disclosure under Rule16(a)(1)(E) is not required before the government may request reciprocal discovery of defense expert witnesses. Therefore, the government requests disclosure of a written summary as described in the Criminal Scheduling Order of any testimony and qualifications that the defendant intends to use under Fed. R. Evid. 702, 703, or 705 as evidence at trial.

T. The government shall disclose any information or material which may be favorable on the issue of guilt or punishment to the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Bagley*, 473 U.S. 667 (1985); and *Kyles v. Whitley*, 514 U.S. 419 (1995).

U. The existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, to the extent required by *Giglio v. United States*, 405 U.S. 150 (1972), and *Napue v. Illinois*, 360 U.S. 264 (1959), a record of prior convictions, and any application to the court for immunity and any order issued in response to the application for any witness shall be disclosed by this office no later than fourteen days before the first day of the trial term in which this case is set for trial unless disclosure of such information at this stage may endanger the safety of any prospective witness or if such disclosure may result in threats against the witness. In such a case, the government will make application to the court for a modifying order pursuant to Fed. R. Crim. P. 16(d)(1) allowing the government to disclose this information at a later time.

Russell K. Rosenthal
February 21, 2018
Page | 4

V. *Jencks* material (18 U.S.C. Section 3500) (if any) will be surrendered to you the day before the trial unless there may be a danger to a witness. Then, it will be provided the day the witness testifies. The Government likewise expects to receive any and all reciprocal *Jencks* material. *See* Rule 26.2, Fed. R. Crim. P.

W. The government is aware of its continuing duty to disclose such newly discovered additional evidence or material required by the Criminal Scheduling Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady, Giglio, Napue*, and the obligation to assure a fair trial.

To be effective and capable of being accepted, plea offers from the United States must be in writing and contain all terms of the offer in a proposed written plea agreement. Oral communications regarding a potential plea are merely preliminary plea discussions and do not constitute a formal plea offer from the United States.

If you have any questions or wish to discuss a plea offer, please do not hesitate to call us at our office.

Sincerely,

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Jeffrey F. Michelland
Assistant United States Attorney

By: _____
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division