

# FEDERAL DEFENDER
## Middle District of Florida

FILED

2019 MAY 16  AM 10: 48

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

**Donna Lee Elm**
*Federal Defender*

**James T. Skuthan**
*First Assistant*

**Rosemary Cakmis**
*Senior Litigator*

**Tampa Division**
Park Tower – Suite 2700
400 North Tampa Street
Tampa, Florida 33602
Telephone: 813- 228-2715
Facsimile: 813- 228-2562
**Del Vitier**
*Branch Chief Attorney*
**Adam Allen**
*Trial Attorney Supervisor*

**Orlando Division**
Seaside Plaza – Suite 300
201 South Orange Avenue
Orlando, Florida 32801
Telephone: 407- 648-6338
Facsimile: 407- 648-6095
**Larry Henderson**
*Branch Chief Attorney*

**Jacksonville Division**
BB&T Tower – Suite 1240
200 West Forsyth Street
Jacksonville, Florida 32202
Telephone: 904- 232-3039
Facsimile: 904- 232-1937
**Maurice Grant**
*Branch Chief Attorney*

**Ft. Myers Division**
Kress Building – Suite 301
1514 Broadway Street
Ft. Myers Florida 33901
Telephone: 239- 334-0397
Facsimile: 239- 334-4109
**Martin DerOvanesian**
*Branch Chief Attorney*

**Ocala Division**
Suite 102
201 S.W. Second Street
Ocala, Florida 34471
Telephone: 352- 351-9157
Facsimile: 352- 351-9162
**Mary Mills**
*Branch Chief Attorney*

May 16, 2019

Hon. Sheri Polster Chappell
United States District Judge
Middle District of Florida
Fort Myers Division
By hand delivery

Re:   *United States v. Jane Doe*
      Case No.: 2:18-cr-19-FTM-38UAM

Dear Judge Chappell:

This letter is pursuant to the February 9, 2018 protective order entered by your honor in the above matter. Pursuant to paragraphs 3 and 5 of that order, we are required to seek permission of the Court before sharing discovery with any non-parties. A copy of the protective order is attached.

In this regard, we are seeking permission to share discovery materials with psychologist Dr. Scot D. Machlus. Dr. Machlus has been retained by the defense to conduct an evaluation of the defendant for purposes of sentencing. This disclosure is necessary to assist Dr. Machlus in this evaluation. Dr. Machlus is aware of the protective order and is in agreement to be bound by its terms. As required by the protective order, Dr. Machlus will sign an Acknowledgement of the same prior to any actual disclosure. A proposed *ex parte* order authorizing this disclosure is also enclosed.

Additionally, enclosed please find an *ex parte* motion and proposed order permitting Dr. Machlus evaluate the defendant at the Charlotte County Jail.

We are happy to clarify this request if necessary.

Sincerely,

Russell K. Rosenthal
Assistant Federal Defender
Fort Myers Division

Rkr/cs
Encl as stated



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                            CASE NO. 2:18-cr-19-FtM-38CM

JANE DOE

_____

## PROTECTIVE ORDER

On motion of the government and consent of the defendant, it is hereby **ORDERED** pursuant to Rule 16(d)(1), that the defendant and her counsel are hereby bound to the following restrictions with regard to any actual or cover name, identifier, or online account name used by Federal Bureau of Investigation (FBI) Confidential Human Source (CHS) or any law enforcement Undercover Employee ("UCE") and sensitive discovery material provided in this case.

1.  The defendant and her counsel will not disclose, publicly or in any pretrial filing or at any pretrial hearing (including any detention hearing), any actual or cover name, identifier, or online account name used by any FBI CHS or law enforcement UCE. Additionally, the defendant and her counsel will protect all discovery material designated as Sensitive Information.

2.  **Designation of Material Subject to this Protective Order.** To designate Sensitive Information subject to this Protective Order, the United States

shall use the following designation, on the material itself, in an accompanying cover letter or on a diskette cover or label: "SENSITIVE INFORMATION–SUBJECT TO PROTECTIVE ORDER."

3. **Access to and Use of Sensitive Information.** Defendant and her counsel may use the Sensitive Information only for purposes of this litigation and may not disclose any such Sensitive Information to anyone not specifically entitled to access to it under this Protective Order. Defense counsel may disclose Sensitive Information to the defendant but may not provide the defendant with any documents containing Sensitive Information, or allow the defendant unsupervised access to these materials. Defense counsel and individuals participating in the case at the direction of counsel may only use Sensitive Information for the purposes of defending this criminal case, including any appeal, and may disclose Sensitive Information to non-parties to this litigation, such as experts or outside investigators retained by the defendant in this litigation, as follows:

    a. Such disclosure may occur only as needed for the litigation;

    b. Such disclosures may occur only after defense counsel advises the non-party of the terms of this Protective Order;

    c. Prior to the disclosure of any Sensitive Discovery Materials to a person not identified in Paragraph 5 of this Order, counsel for the

defendant must first receive permission from the Court for such disclosure. Such permission may be requested ex parte.

d.  Such disclosure may occur only after the signing of an Acknowledgement by all non-parties, which states, in substance, that all non-parties will agree to be bound by the terms of this Protective Order, including consenting to the jurisdiction of this Court for the purposes of any proceedings relating to the performance under, compliance with, or violation of this Order;

e.  Defense counsel shall maintain a list of persons to whom materials are disclosed and retain a copy of the form described in Paragraph 4d, which shall be signed by all non-parties receiving Sensitive Information; and

f.  Designation of Material Subject to this Protective Order: Material given to non-parties must be designated "sensitive" material in an accompanying cover letter, and the material itself must be labeled (*e.g.*, on the CD/DVD): "SENSITIVE INFORMATION-SUBJECT TO PROTECTIVE ORDER."

g.  In addition, the defendant is prohibited from unsupervised review of any Sensitive Discovery Materials.

4.  **Use of Sensitive Information in Court Filings and Open Court.** Nothing in this Order shall restrict use by the defendant's counsel of Sensitive

3

Discovery Materials or information contained therein during the defendant's investigation of the allegations and preparation of her defenses or introduction as evidence at trial, except that any documents, papers, or pleadings filed with the Court that: (a) quote directly from Sensitive Discovery Materials; (b) summarize or refer to the contents of Sensitive Discovery Materials; or (c) attach copies of Sensitive Discovery Materials, shall be filed under seal, unless the parties agree to the public filing of such information, or all information that would identify the subject of the document or filing has been removed or redacted, or such information has already been publicly disclosed, or the Court rules that it may be filed on the public docket. The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

5. **Protection of CHS and UCE Identifiers**. If any information about the actual or cover name, identifier, or online account name of any CHS or UCE is included in any discovery materials, the following protections will apply:

    a.    The defendant and counsel will not publicly disclose the actual or cover name, identifier, or online account name of any CHS or UCE in any pretrial filing or at any pretrial hearing in open court.

b.  The defendant and counsel will not disseminate any information about a CHS or UCE except to (a) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (b) experts retained to assist in the preparation of the defense. Notice of proposed dissemination to defense experts shall be provided to the Court ex parte and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this Protective Order and will be advised that he or she shall not further disseminate the materials except by the express direction of the counsel of record or co-counsel.

c.  All recordings and/or documents in which a CHS and/or a UCE can be seen, heard, or is discussed in terms that could lead to the disclosure of the actual or cover name, identifier, or online account name of any CHS or UCE, may be copied or reproduced ONLY for use by members of the defense team (as defined in paragraph 5.b.), and may only be provided to further the legitimate investigation and preparation of this case.

d.  All recordings and/or documents -- including any copies or reproductions thereof -- in which a CHS and/or a UCE can be seen, heard or is discussed in terms that could lead to the disclosure of the

actual or cover name, identifier, or online account name of any CHS or UCE, must be maintained at the office of defense counsel, and removed from such offices only by members of the defense team (as defined in paragraph 5.b.)

6. **Filing of documents.** The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

7. **Maintenance and Storage of Sensitive Information.** Defense counsel shall maintain all Sensitive Information in a secure and safe area and shall exercise the same standards of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as are exercised by the recipient with respect to his own confidential information. In addition, non-party recipients of any Sensitive Information pursuant to this Protective Order shall have in place appropriate administrative, technical, and physical safeguards to protect the privacy of the Sensitive Information.

8. **Disposition of Sensitive Information.** Within 90 days of any final judgment in this case by the later of: i) the sentencing of Defendant, ii) Defendant's appeal, if any, or iii) dismissal of the indictment with or without prejudice; or within 90 days of the termination of the Defendant's counsel's representation, Defendant and Defendant's counsel shall return to the United State all documents designated sensitive – except recordings and/or documents in which a CHS and/or UCE can be seen, heard or is discussed in terms that could

6

lead to the disclosure of the actual or cover name, identifier, or online account name of any CHS or UCE – and all copies thereof, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed. All recordings and/or documents in which a CHS and/or a UCE can be seen, heard or is discussed in terms that could lead to the disclosure of the actual or cover name, identifier, or online account name of any CHS or UCE, and any copies thereof, shall be returned to the United States. Defense counsel reserves the right to petition this Court for an extension of this 90-day time period as needed. Furthermore, the defense counsel may maintain work product containing Sensitive Information subject to the protections of this Protective Order for a period of ten years following the entry of final judgment and must thereafter destroy any and all such work product.

9. **No Waiver**. The failure to designate any materials as Sensitive Information as provided in this Protective Order shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

10. **No Ruling on Discoverability or Admissibility**. This Protective Order does not prevent any party from objecting to discovery that it believes to be otherwise improper. Further, this Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

11. **Unauthorized Disclosure.** Should any Sensitive Information be disclosed in a manner not authorized by this Protective Order by Defendant, defense counsel, or a non-party retained by Defendant for purposes of the litigation, then defense counsel shall use his or her best efforts to obtain the return of any such Sensitive Information and to bind the recipient of Sensitive Information to the terms of this Order and shall, within ten business days of the discovery of such disclosure, inform the Court and the United States of the unauthorized disclosure and identify the recipient.

12. **Sanctions for Unauthorized Disclosure.** Rule 16(d)(2) provides sanctions for failing to comply with the Court's Order that are just under the circumstances. Both parties shall use their best efforts to confer with the opposite parties regarding this Order before seeking relief from the Court, and neither party shall seek to have the Court impose sanctions pursuant to Rule 16(d)(2) without providing notice to the other party at least three business days in advance.

13. **Modification Permitted.** Nothing in this Order shall prevent any party form seeking modification of this Protective Order. The party seeking modification must first discuss any proposed modifications with opposing counsel and attempt to reach resolution before seeking a modification from this Court.

14. **Property of the United States.** All sensitive discovery information that may be provided as part of the discovery materials in this case is now and will forever remain the property of the United States.

15. **Non-termination**. This Order shall survive the termination of this Criminal Case and shall continue in full force and effect thereafter.

**DONE AND ORDERED** at Fort Myers, Florida, this 9th day of February, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SO STIPULATED:

_____
Russell K. Rosenthal
Attorney for Defendant

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Jeffrey F. Michelland
Assistant U.S. Attorney

By: _____
Jesus M. Casas
Assistant U.S. Attorney
Chief, Fort Myers Division

Dated: 2-9-18

So Ordered —
Copies: Counsel of Record

U.S. District Judge
Feb. 9, 2018

FILED
2019 MAY 16 PM 3:11
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS FLORIDA

9